520 F.2d 1342
 22 Wage & Hour Cas. (BN 383
 PUERTO RICO INTERNATIONAL AIRLINES, INC., Plaintiff-Appellant,
v.
Luis F. SILVA RECIO, Secretary of Labor of the Commonwealth
of Puerto Rico, Defendant-Appellee,
v.
AIR LINE PILOTS ASSOCIATION, INTERNATIONAL, Applicant for
Intervention, Appellant.
 Nos. 74-1192, 74-1193.
 United States Court of Appeals,
First Circuit.
 June 26, 1975.
 
 Daniel B. Bickford, Boston, Mass., with whom Gaston, Snow, Ely & Bartlett, Richard J. McCarthy, Boston, Mass., Donald M. Hall and McConnell, Valdes, Kelley, Sifre, Griggs & Ruiz-Suria, San Juan, P. R., were on briefs, for Puerto Rico International Airlines, Inc.
 Roberto Armstrong, Jr., Asst. Sol. Gen., with whom Miriam Naveira De Rodon, Sol. Gen., was on brief, for Luis F. Silva Recio.
 Gary Green, Washington, D. C., with whom Daniel M. Katz, Washington, D. C., was on brief, for Air Line Pilots Ass'n, International.
 Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.
 COFFIN, Chief Judge.
 
 
 1
 Puerto Rico International Airlines, Inc. (PRINAIR) in its complaint below sought declaratory and injunctive relief against the Secretary of Labor of the Commonwealth of Puerto Rico to prevent the execution of local wage and hour laws[1] asserting that the application of such laws to PRINAIR is inconsistent with federal laws regulating the aviation industry.
 
 
 2
 Prior to the filing of the suit below was a suit brought in a Commonwealth superior court by some PRINAIR pilots in 1970 grounded on the challenged statutes and seeking a back pay award against PRINAIR. In that proceeding, PRINAIR raised in defense the claim that the statutes were in conflict with federal law and therefore invalid. The Superior Court resolved the claim in favor of the pilots and rejected the asserted claim of federal preemption. The Supreme Court of Puerto Rico refused to entertain an interlocutory appeal on this issue. PRINAIR then, in 1973, proceeded to file this claim in federal district court. The issue of damages is pending in the Commonwealth courts, proceedings having been voluntarily suspended pending resolution of this case.
 
 
 3
 The Secretary argued that the federal courts should abstain from ruling on the matter until the Puerto Rican Supreme Court resolved the issue. The Air Line Pilots Association, which sought unsuccessfully to intervene[2] argued that an injunction would be violative of 28 U.S.C. § 2283.[3] The district court dismissed the complaint below, relying principally on Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). The district court indicated that it was compelled to dismiss under the law.
 
 
 4
 On appeal, PRINAIR drops the claim for injunctive relief. Its remaining claim is for a declaration that Puerto Rican laws 289 and 379 are, as applied to airlines, preempted by federal law. PRINAIR argues that the fact of pending state litigation should not act as a bar to federal resolution because (1) the parties are not identical in the state and federal proceedings; (2) the relief sought was not interference with the pending court decision but with the future operation of the law and future liability thereunder; (3) PRINAIR is entitled to a federal court hearing on the federal issue and to federal discovery; and (4) as a defendant in the state court, PRINAIR made no voluntary choice to accept that forum and has made the requisite effort to preserve the issue for federal decision under England v. Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).
 
 
 5
 We proceed from the same assumption as did the district court, that principles of federalism must enter into the decision whether to go forward with federal proceedings in equity when state court resolution of the vital issues in the case, the rights and obligations under the challenged statutes as well as their constitutionality is in progress. The district court relied upon the doctrine of equitable restraint articulated in Younger v. Harris, supra, and Samuels v. Mackell, supra, requiring the federal court to refrain from interference when state criminal proceedings are pending.[4] The state court proceeding in question here was, however, not criminal but civil in nature, brought in reliance upon a regulatory statute. Since the district court decision, the Supreme Court has expanded the doctrine of equitable restraint to include quasi-criminal civil proceedings, Huffman v. Pursue, --- U.S. ---, 95 S.Ct. 1200, 43 L.Ed.2d 482 (March 18, 1975), in which the state defendants, there as here, went to federal court after a state lower court ruling was rendered. But we are not persuaded that the state suit in question here, brought by private individuals, not state officials, falls within the bounds of this new doctrine. For to extend so far the doctrine would require reversal of Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (Frankfurter, J.), most recently reaffirmed in Provident Tradesman's Bank & Trust v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)[5] which leaves declination of federal jurisdiction as a matter of discretion for the district court.
 
 
 6
 The district court's exercise of restraint was, therefore, not mandated. But, while what we might call the "strong" doctrine of equitable restraint symbolized by Younger is not applicable to this case, normal equitable principles antedating Younger do require an assessment of the countervailing interests of the parties. Declaratory relief like other equitable remedies should be granted only as a matter of judicial discretion, exercised in the public interest. Public Affairs Press v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962). The court must, then, undertake a balancing of the equities and in weighing the potential harm to the claimant here, the court must take into account claimant's assertion of a right to be informed of its future liability and to federal resolution of its federal preemption claim. Should the state court resolve its claim unfavorably, it will be forced to assume a substantial financial burden a burden, we would add, that would also be assumed if the final federal decision were adverse to the claimant.[6]
 
 
 7
 Appellant also has a legitimate interest in a reasonably prompt decision of the federal question. Thus far delay has been encountered in both the state and federal proceedings. The denial of interlocutory review by the Supreme Court of Puerto Rico precluded a chance for resolution before damages were ascertained. The federal proceedings thus far have not brought the issue any closer. The likelihood of a reasonably timely resolution of the preemption issue must now be weighed prospectively. Should the district court conclude that allowing the case to progress in the Commonwealth courts would involve an unreasonably greater delay in resolving the federal issue than would be experienced in the federal court, this would be a significant factor in the equitable scales.
 
 
 8
 The equitable counterbalance includes the possibility that the Puerto Rican Supreme Court will, in following the Commonwealth case to conclusion, find the local statute inapplicable to PRINAIR or itself resolve the federal law dispute in PRINAIR's favor. And against any claim PRINAIR has to immediate federal court resolution must be weighed the unseemliness of duplicative court proceedings and the unnecessary federal-state friction that will be generated. In other words, in weighing the public interest, comity must be considered as well as plaintiff's potential harm. The fact of a previously filed and still pending proceeding in another court ought to be weighty in the balance of equities. PPG Industries, Inc. v. Continental Oil Co., 478 F.2d 674 (5th Cir. 1973); Duggins v. Hunt, 323 F.2d 746 (10th Cir. 1963). "The fact that another action, involving substantially the same issues, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction." 6A. Moore's Federal Practice P 57.08(3) at 57-43 (3d ed. 1974). See also Note, Availability of Declaratory Judgment When Another Suit is Pending, 51 Yale L.J. 511 (1942). This court has had occasion to apply this doctrine in the past. Western Electric Co., Inc. v. Hammond, 135 F.2d 283, 287 (1st Cir. 1944).
 
 
 9
 Finally, if PRINAIR has in fact properly preserved the federal issue under England, at 422 n. 13, 84 S.Ct. 461, see also H. M. Hart & H. Wechsler, at 1009, or if an appeal is taken and fully reviewed by the United States Supreme Court, PRINAIR will have, at a later juncture, a federal court ruling on its claim:
 
 
 10
 "Even assuming, arguendo, that litigants are entitled to a federal forum for the resolution of all federal issues, that entitlement is most appropriately asserted by a state litigant when he seeks to relitigate a federal issue adversely determined in completed state court proceedings." Huffman v. Pursue, --- U.S. ---, 95 S.Ct. 1200, 43 L.Ed.2d 482.
 
 
 11
 While what we have said would support the result reached below as an exercise of discretion, we cannot shortcut the process. It seems impossible for us to read the district court's opinion as anything other than a response to what it thought was the overpowering mandate of Younger, which left, in such a case as this, no room for discretion. We therefore see no alternative to a remand for the weighing of the various factors which should determine the exercise of discretion. Since the district court is fully aware of all such factors, we would not foresee that its decision would unduly extend this phase of the proceedings.
 
 
 12
 Vacated and remanded.
 
 
 
 [1]
 The complaint challenged Laws of the Commonwealth of Puerto Rico No. 96 of 1956, as amended, 29 L.P.R.A. 245 et seq.; No. 289 of 1946, as amended, 29 L.P.R.A. 295 et seq.; and No. 379 of 1948, as amended, 29 L.P.R.A. 271 et seq. Since that time airlines have been exempted from the requirements of Law 96 so that the denial of relief concerning Law 96 is not contested on appeal
 
 
 [2]
 In light of our disposition of this appeal we need not pass on the district court ruling refusing intervention
 
 
 [3]
 28 U.S.C. § 2283 prohibits a federal injunction or stay of state court proceedings but as a technical matter does not apply to declaratory relief. 6A Moore's Federal Practice P 57.06 (3d ed. 1974)
 
 
 [4]
 The doctrine of equitable restraint derives from an accommodation of the principle of comity and the equity principle that relief will not be granted if there is an adequate remedy at law. H. M. Hart & H. Wechsler, The Federal Courts and the Federal System, 1009-1013 (2d ed. 1973). It is distinct from the doctrine of abstention which, under certain circumstances, counsels federal deference to state courts on state issues. Id. at 985. The appellant argues that abstention, an alternate basis for the district court order, is inappropriate in this case because the statutes are not ambiguous. There remains, of course, the possibility that they might be construed as not being applicable. See, e. g., England, supra. But since the district court did not pass on the issue, we do not deal with it
 
 
 [5]
 Rule 57 Fed.R.Civ.Proc. also states that "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."
 
 
 [6]
 PRINAIR's claim of right to federal discovery is not imposing in this basically non-factual dispute. Cf. England, supra at 416