**Victoriano Rodriguez DIAZ et al.**

v.

**Andrew STATHIS et al.**

**Civ. A. No. 76–3267–F.**

United States District Court,
D. Massachusetts.

Nov. 2, 1977.

Arthur D. Serota, Springfield, Mass., for plaintiff.

Ann M. Gibbons, Peter H. Barry, City Sols., Law Dept., City of Holyoke, Holyoke, Mass., for defendants Stathis, Wheeler and Normand-Holyoke Bd. of Registrars of Voters, City of Holyoke.

William J. Fitzgerald, City Sol., Richard T. Egan, Frank E. Antonucci, Asst. City Sols., Law Dept., Springfield, Mass., for defendants Metzger, Wells and Springfield Election Comm. City of Springfield.

## MEMORANDUM AND ORDER

FREEDMAN, District Judge.

In this action plaintiffs challenge the procedures employed by the Holyoke and Westfield Boards of Registrars of Voters and the Springfield Board of Election Commissioners in selecting prospective grand and petit jurors for the Hampden County Superior Court. Specifically, plaintiffs seek injunctive and declaratory relief against the alleged systematic exclusion from the jury lists of persons with Hispanic surnames, persons not registered to vote, and persons statutorily exempted but not excluded from selection. At the time this action was filed, individual criminal actions were pending in the Hampden County Superior Court against plaintiffs Raul R. Ramos and Salvador Torres. Plaintiff Victoriano Rodriguez Diaz is a civil plaintiff in that court.

Plaintiffs requested a three judge court. Noting that the complaint was filed subsequent to the effective date of Public Law 94–381[1] and that plaintiffs here challenge the administration and not the face of Chapter 234 of the Massachusetts General Laws which governs the procedure by which prospective grand and petit jurors are selected for the courts of the Commonwealth, this Court denied that request. Defendants Donald Metzger, Beatrice Wells, Springfield Board of Election Commissioners and the City of Springfield, have now moved to dismiss the case.[2] This motion was heard before me on March 24, 1977. The Court notes that the plaintiffs have submitted no memoranda in opposition to the motion and that the defendants' memoranda were of little assistance. Nevertheless, for the reasons discussed in this Memorandum and Order, the Court grants the motion and dismisses plaintiffs' action.[3]

---

1. Public Law 94–381 repealed 28 U.S.C. § 2281 and amended 28 U.S.C. § 2284.

2. Defendants Andrew Stathis, Henry E. Wheeler, Henry L. Normand, the Holyoke Board of Registrars of Voters, and the City of Holyoke, filed an answer to the complaint. Defendants Westfield Board of Registrars of Voters and the

City of Westfield have not responded to the complaint.

3. The Court also notes that not all of the defendants have joined in the motion to dismiss. See n. 2, *supra*. Nevertheless, plaintiffs' entire action is dismissed as to all defendants. See discussion, *infra*.

■ Defendants' dismissal motion is based principally on the doctrine of equitable restraint[4] articulated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. Except where there exists prosecutorial bad faith or harassment, or some other unusual circumstance, the federal courts are required to refrain from interfering with pending state criminal or quasi-criminal proceedings. *Younger v. Harris, supra* ; *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482, *reh. denied,* 421 U.S. 971, 95 S.Ct. 1969, 44 L.Ed.2d 463 (1975).

The pendency of criminal proceedings. in a court of the Commonwealth against plaintiffs Ramos and Torres would seem to invoke the application of the *Younger* equitable restraint doctrine and bar this Court from granting the requested injunctive and declaratory relief.[5] *Younger v. Harris, supra* ; *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). Plaintiffs contend, however, that they do not seek to stay or enjoin the state criminal proceedings and that the equitable restraint doctrine is therefore inapposite.

■ The decisive factor determining whether to apply the doctrine of equitable restraint in a given situation is not whether a stay is requested, but whether the effect of granting the federal relief sought would be to interfere with the pending state proceedings. *Samuels v. Mackell, supra* ; *Stefanelli v. Minard,* 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). Where interference would result, the federal court should decline to grant the relief and dismiss the case. *See Guerro v. Mulhearn,* 498 F.2d 1249 (1st Cir. 1974).

■ In this case plaintiffs seek an injunction against the alleged systematic exclusion of certain classes of persons[6] from selection as prospective jurors and a declaration that such systematic exclusion is violative of plaintiffs' rights under the Constitution. The granting of such relief would have the effect of interfering with the proceedings pending in the Hampden County Superior Court and plaintiffs have alleged no bad faith, harassment, or extraordinary circumstances so as to bring themselves within an exception to the equitable restraint doctrine. Moreover, plaintiffs' will have ample opportunity to raise the jury selection issue in the courts of the Commonwealth and, thereafter, in the federal courts. The claims of plaintiffs Ramos and Torres must therefore be dismissed.

This Court has considered together the *Younger* considerations which govern the claims of plaintiffs Ramos and Torres. Plaintiff Diaz, however, is before the Court in a different posture and for equitable restraint purposes his claim must be considered as if he "stood alone." *Doran v. Salem Inn,* 422 U.S. 922, 928–929, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

Plaintiff Diaz has no state criminal proceedings pending against him. As noted, however, he is a plaintiff in a civil action brought in the Hampden County Superior Court wherein he has claimed his right to a trial by jury. This presents the question of the applicability of the equitable restraint doctrine to purely civil actions brought by private individuals rather than state officials.

4. As Chief Judge Coffin has noted:

> The doctrine of equitable restraint derives from an accommodation of the principle of comity and the equity principle that relief will not be granted if there is an adequate remedy at law. H. M. Hart & H. Wechsler, The Federal Courts and The Federal Court System, 1009–1013 (2d ed. 1973). It is distinct from the doctrine of abstention which, under certain circumstances, counsels federal deference to state courts on state issues. *Id.* at 985.

*Puerto Rico Int'l. Airlines, Inc. v. Silva Recio,* 520 F.2d 1342, 1344, n. 4 (1st Cir. 1975).

5. Plaintiff Rodriguez does not. have a state criminal proceeding pending against him and he is therefore in a different "hopper" for equitable restraint purposes. *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 928, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975).

6. These classes are: Hispanic surnamed persons and persons of Hispanic extraction; non-registered voters; and those persons exempted but not excluded from jury duty by statute.

The Supreme Court has applied equitable restraint to state prosecuted nuisance proceedings, *Huffman v. Pursue, Ltd., supra,* state court civil contempt proceedings, *Juidice v. Vail,* 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), and suits by the state to recover fraudulently obtained welfare payments, *Trainor v. Hernandez,* 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). The Supreme Court has, however, never applied the *Younger* equitable restraint doctrine to a purely civil action involving only private litigants and has consistently reserved the question. *E.g., Juidice v. Vail, supra,* 430 U.S. at 336, n. 13, 97 S.Ct. 1211; *Huffman v. Pursue, Ltd., supra,* 420 U.S. at 607, 95 S.Ct. 1200.

With this background of Supreme Court silence on the precise issue at bar, I am guided by the approach taken by the Court of Appeals for this Circuit in *Puerto Rico International Airlines, Inc. v. Silva Recio,* 520 F.2d 1342 (1st Cir. 1975). In that case the Court of Appeals reversed the district court's application of the doctrine of equitable restraint to a civil action brought by private litigants and remanded for a weighing of the factors which should determine the exercise of discretion in light of "normal equitable principles antedating *Younger* . . . ."[7] *Id.* at 1345.

Although rejecting application of the mandatory doctrine of equitable restraint to private state court civil actions, Chief Judge Coffin in *Puerto Rico International Airlines, Inc., supra,* cautioned that the principles of comity which underlie that doctrine must be given significant weight in considering whether to grant injunctive or declaratory relief. *Id.* at 1345–1346.

In this case, the Court finds nothing to justify an exercise of its equitable discretion which might impede or embarrass the courts of the Commonwealth. Plaintiffs have alleged no facts which might support a finding that they are threatened with irreparable harm. Moreover, the Court is convinced that plaintiffs' remedies in the trial

and appellate courts of Massachusetts are adequate. The Court, therefore, will refuse to exercise its equity jurisdiction over the claims of plaintiff Diaz and dismisses those claims.

As noted, not all of the defendants have joined in the motion to dismiss. See n. 3, *supra.* In appropriate circumstances, however, a district court may dismiss a complaint on the court's own motion. *See Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir. 1973); 5 Wright & Miller, Federal Practice, Civil § 1357 at 593. It follows that where presented with a motion to dismiss filed by some of the defendants to an action, the court, where appropriate, may consider the sufficiency of the complaint as against all defendants. *See e.g., Clinton Community Hospital Corp. v. Southern Maryland Medical Center,* 374 F.Supp. 450, 453–454 (D.Md.1974), *aff'd,* 510 F.2d 1037 (4th Cir.), *cert. denied,* 422 U.S. 1048, 95 S.Ct. 2666, 45 L.Ed.2d 700 (1975). *But see Hutchinson v. Proxmire,* 431 F.Supp. 1311, 1333 (W.D.Wis.1977). Plaintiff must, of course, be afforded adequate notice of and an opportunity to be heard in opposition to the dismissal. *Literature, Inc. v. Quinn, supra.*

The Court finds that the plaintiffs were afforded notice of the issues involved in the attack on the complaint by the motion filed by some of the defendants. Moreover, plaintiffs have had sufficient opportunity to be heard on these issues. The claims of the plaintiffs as to each of the defendants being essentially the same for purposes of the matters discussed in this Memorandum and Order, the Court orders that the action be dismissed as to all defendants.

---

7. It should be noted that other circuits have taken different approaches to this issue. *E.g., Inter-Faith Committee for United Farm Workers v. Nottingham Liquors, Ltd.,* 542 F.2d 652 (6th Cir. 1976).