**KREY PACKING COMPANY, Appellant,**

v.

**Jeff HAMILTON, Appellee.**

**No. 77–1670.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1978.

Decided April 11, 1978.

---

Thomas M. Hanna, McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., for appellant.

Raymond Howard, Jr., and Kenneth R. Singer (argued), Howard, Singer & Meehan (argued), St. Louis, Mo., on brief, for appellee.

Before GIBSON, Chief Judge, VAN OOS-TERHOUT, Senior Circuit Judge, and ROSS, Circuit Judge.

ROSS, Circuit Judge.

Krey Packing Company (hereinafter Krey), formerly the employer of Jeff Hamilton, seeks injunctive and declaratory relief which would enforce an arbitrator's award sustaining the validity of Hamilton's termination from employment and denying the employee's request for reinstatement with back pay and seniority.[1]

Hamilton was discharged from Krey's employ after he allegedly stole meat from his employer and was initially prosecuted for the theft. However, according to the district court, "the charge was nol prossed after the crucial evidence had been suppressed on the basis of an illegal search and

---

1. The appellant alleged jurisdiction in the district court pursuant to § 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and the Arbitration Act, 9 U.S.C. § 1 et seq., and 28 U.S.C. § 1337.

seizure." Thereafter in April 1976 Hamilton instituted an action in state court against his former employer for malicious prosecution of the theft charges and sought damages, including compensation for his loss of income and employment. In August 1976 the arbitrator announced his decision on the aforementioned grievance filed by Hamilton; as previously stated, it sustained Hamilton's discharge and denied his claims for reinstatement and back pay.

The employer in March 1977 then initiated the present federal court action, seeking to interpose the arbitrator's award, alleged to be binding and rendered pursuant to a collective bargaining agreement, as a bar to Hamilton's state court proceedings for lost income and employment.

The employer's complaint in the court below sought, *inter alia*, a declaration that Krey was not liable to Hamilton for wages or other benefits under the terms of the arbitrator's award, and an order "directing [Hamilton] to abide by the decision" of the arbitrator and "permanently *enjoining* [Hamilton] from seeking an award of damages resulting from his loss of wages * * before any Court or other Forum."[2] (Emphasis added.)

The district court, however, denied Krey's attempt to involve the federal forum:

It is apparent to us that plaintiff has an adequate remedy in the state court action. If and to the extent defendant is precluded by reason of the arbitrator's award from recovering for loss of his employment and the wages and benefits of such employment in the malicious prosecution action, procedures are available in the state court whereby plaintiff may assert and prove that defense. We do not believe an injunction may properly be issued in the situation here present. Declaratory relief in this Court is unnecessary and undesirable, and in the exercise of our discretion we decline to grant it. The state court in which the defendant's

action is pending is the more appropriate forum for the determination of the issues. We affirm.

Consideration of appellant's request for injunction is governed initially by 28 U.S.C. § 2283. That statute provides as follows:

§ 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceedings in a State court *except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.*

(Emphasis added.)

We also point out that Krey's request for injunction, directed at restraining Hamilton as plaintiff in state court, does not alter our consideration of the issue.

[T]he statute covers either an injunction against a state court or a party and its prohibition cannot be avoided by framing an injunction as a restraint on a party litigant rather than directly against the state court itself. (Footnote omitted.)

1A J. Moore, Federal Practice ¶ 0.208, at 2316 (2d ed. 1977).

Since a federal court has not previously adjudicated this matter, the "relitigation" exception, related to "protecting" and "effectuating" the court's judgment, is not applicable. Nor has the appellant convinced the court that the alleged right, to enforce an arbitrator's decision rendered pursuant to a collective bargaining contract, should be enforced by means of an injunction of state court proceedings under either of the other two statutory exceptions. Explaining the "expressly authorized" exception to the anti-injunction statute the Supreme Court has said:

[I]t is clear that, in order to qualify as an "expressly authorized" exception to the anti-injunction statute, an Act of Congress must have created a specific and uniquely federal right or remedy, enforceable in a federal court of equity, that could be frustrated if the federal court were not empowered to enjoin a

---

**2.** According to the district court, Krey has not contested Hamilton's right to attempt recovery in state court for other kinds of damages from the alleged tort.

state court proceeding. * * * The test, rather, is whether an Act of Congress, clearly creating a federal right or remedy enforceable in a federal court of equity, could be given its intended scope only by the stay of a state court proceeding.

*Mitchum v. Foster*, 407 U.S. 225, 237–38, 92 S.Ct. 2151, 2159, 32 L.Ed.2d 705 (1972).

■ The theory that this cause of action constitutes an expressly authorized exception to the anti-injunction prohibition is generally refuted by the holding in *Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962), which is that § 301(a) of the Labor Management Relations Act, which on its face "simply gives the federal district courts jurisdiction over suits for violation of certain specified types of [labor] contracts," *id.* at 506, 82 S.Ct. at 522, does not oust state courts of jurisdiction over the same collective bargaining contract disputes.

The statute [§ 301(a)] does not state nor even suggest that such jurisdiction shall be exclusive. It provides that suits of the kind described "may" be brought in the federal district courts, not that they must be.

* * * * * *

The legislative history of the enactment nowhere suggests that, contrary to the clear import of the statutory language, Congress intended in enacting § 301(a) to deprive a party to a collective bargaining contract of the right to seek *redress for its violation in an appropriate state tribunal.*

*Dowd Box Co. v. Courtney, supra*, 368 U.S. at 506–07, 82 S.Ct. at 522 (emphasis added). Thus suits and defenses based on contracts specified in § 301 may be heard in state court, though the applicable substantive law for the enforcement of agreements is *federal* labor law. *See Dowd Box Co. v. Courtney, supra*, 368 U.S. at 506, 82 S.Ct. 519.

■ Nor does it appear that an injunction in this case is "necessary in aid of" the federal court's jurisdiction in this case. The Supreme Court's analysis of this second exception in *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970), is helpful in the present case:

[I]f the District Court does have jurisdiction, it is not enough that the requested injunction is related to that jurisdiction, but it must be *"necessary in aid of"* that jurisdiction. While this language is admittedly broad, we conclude that it implies something similar to the concept of injunctions to "protect or effectuate" judgments. Both exceptions to the general prohibition of § 2283 imply that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case. Third, no such situation is present here. Although the federal court did have jurisdiction of the railroad's complaint based on federal law, the state court also had jurisdiction over the complaint based on state law and the union's asserted federal defense as well. * * * In short, the state and federal courts had concurrent jurisdiction in this case, and neither court was free to prevent either party from simultaneously pursuing claims in both courts. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226 (1922); *cf. Donovan v. Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964). Therefore the state court's assumption of jurisdiction over the state law claims and the federal preclusion issue did not hinder the federal court's jurisdiction so as to make an injunction *necessary* to aid that jurisdiction. Nor was an injunction necessary because the state court may have taken action which the federal court was certain was improper under the *Jacksonville Terminal* [394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344] decision. Again, lower federal courts possess no power whatever to sit in direct review of state court decisions. If the union was adversely affected by the state court's decision, it was free to seek vindication of its federal

right in Florida appellate courts and ultimately, if necessary, in this Court.

*Id.* at 295–96, 90 S.Ct. at 1747. Based on the foregoing, we conclude that the state court's assumption of jurisdiction over the state law claim and asserted federal defense did not make an injunction necessary to aid the federal court jurisdiction.[3]

■ Finally we conclude that the district court did not err when, in the exercise of its discretion, it refused declaratory relief. "As a technical matter, actions for a declaratory judgment are not barred by § 2283." 6A J. Moore, Federal Practice ¶ 57.08, at 64 (2d ed. 1974) (footnote omitted). Moreover, the federal court no doubt has jurisdiction in this case; "[t]he question is, therefore, one for the *discretionary* exercise of an admitted jurisdiction." *Id.* at 56 (footnote omitted).

The fact that another action is pending which has an earlier filing date is not the sole test in the discretionary exercise of jurisdiction. *Id.* at p. 57. Nonetheless appellant has not pointed to any other factors that persuade us that jurisdiction should be asserted. According to the district court, "procedures are available in the state court whereby plaintiff may assert and prove that defense [the arbitrator's award]." At oral argument, counsel for the appellant told the court that the defense had in fact been pleaded in state court.

Appellant has not made any arguments based on relevant factors like the following:

> The accident of commencement date should not control over the more practical and realistic factors of convenience of court, witnesses, and parties; the comparative condition of the dockets and, therefore, the relative ability of the two courts to provide a quick determination of the issues; the certainty of jurisdiction; and the possibility that a *prior* determination of the issue raised in the declaratory action might be of great convenience in a subsequent trial of the other action.

6A J. Moore, Federal Practice ¶ 57.08, at 59 (2d ed. 1974) (footnotes omitted).

Moreover, principles of comity and the goal of avoiding unnecessary federal-state friction is an important policy consideration.

We conclude that the district court was aware that it could exercise discretion in this matter, *compare with Puerto Rico International Airlines, Inc. v. Silva Recio*, 520 F.2d 1342, 1345 (1st Cir. 1975), and the appellants have presented no arguments to this court which show error in the district court's discretionary declination of jurisdiction.

The judgment of the district court is affirmed.

---

**3.** The appellant also relies on 9 U.S.C. § 3 in his claim that the state proceedings should be enjoined. That section however provides only that federal courts may stay suits *pending arbitration* of an issue which the court determines is referable to arbitration.