576 F.2d 9
 Victoriano Rodriguez DIAZ, Raul R. Ramos, and Salvador
Torres, Appellants,
v.
Andrew STATHIS, Henry E. Wheeler, Henry L. Normand and
Holyoke Board of Registrars of Voters, the City of Holyoke
and Donald Metzger and Beatrice Wells and Springfield
Election Commission and the City of Springfield and
Westfield Board of Registrars of Voters and the City of
Westfield, Appellees.
 No. 77-1566.
 United States Court of Appeals,
First Circuit.
 Argued April 6, 1978.
Decided May 22, 1978.
 
 Arthur D. Serota, Springfield, Mass., with whom Oliver C. Mitchell, Jr., and Serota, Schuckman & Katz, Springfield, Mass., were on brief, for appellants.
 Harold F. Brunault, City Sol., with whom Francis M. Dunn, Asst. City Sol., was on brief, for appellees, City of Holyoke et al.
 William P. O'Neill, Asst. City Sol., was on brief, for appellees, City of Springfield et al.
 Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.
 COFFIN, Chief Judge.
 
 
 1
 Three plaintiffs, Raul R. Ramos, Salvador Torres, and Victoriano Rodriguez Diaz, brought an action for injunctive and declaratory relief against electoral officials of Holyoke, Westfield, and Springfield, Massachusetts on the grounds that the jury lists for the Hampden County Superior Court were compiled through an unconstitutional selection process. Specifically they contend that persons with Hispanic surnames, persons not registered to vote, and persons exempt from serving on a jury are all systematically excluded from the jury rolls. Two of the plaintiffs at the time of suit had criminal charges pending against them in the Hampden County Superior Court; the third, Rodriguez Diaz, was a plaintiff in a civil suit docketed in the same court and had requested a jury trial in that action. The district court dismissed the action of all three plaintiffs because of federalism and comity concerns. Plaintiffs appeal that ruling.
 
 
 2
 We have no difficulty in affirming the district court as to the claims of the two plaintiffs who are also criminal defendants. The doctrine of equitable restraint established by the Supreme Court in Younger v. Harris,401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and Samuels v. Mackell,401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), makes it clear that in the absence of allegations of bad faith, harassment, or extraordinary circumstances, a federal court may not exercise jurisdiction in suits for relief that would interfere with pending state criminal proceedings. The right of the third plaintiff, Rodriguez Diaz, to go forward in federal court raises more complicated problems and cannot be so easily decided.
 
 
 3
 The Supreme Court has in a few select circumstances involving civil suits brought by the state against private individuals applied the Younger doctrine of equitable restraint to civil proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977); Trainor v. Hernandez, 431 U.S. 434, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977). However, it has not done so in a suit by a private litigant. The district court in the present case correctly recognized the inapplicability of Younger to such suits. The court cited our holding in Puerto Rico International Airlines, Inc. v. Silva Recio, 520 F.2d 1342 (1st Cir. 1975), that the test for determining whether or not to provide equitable relief to a private litigant involved in a state civil proceeding required "an assessment of the countervailing interests of the parties" based on "normal equitable principles antedating Younger." Id. at 1345.
 
 
 4
 In applying this standard to the facts alleged in the complaint before it, the district court concluded, "In this case, the Court finds nothing to justify an exercise of its equitable discretion which might impede or embarrass the courts of the Commonwealth. Plaintiffs have alleged no facts which might support a finding that they are threatened with irreparable harm. Moreover, the Court is convinced that plaintiffs' remedies in the trial and appellate courts of Massachusetts are adequate. The Court, therefore, will refuse to exercise its equity jurisdiction over the claims of plaintiff Diaz and dismisses those claims."
 
 
 5
 Had plaintiffs sought solely injunctive relief, we would find the above analysis entirely appropriate and summarily affirm the district court's opinion. However, plaintiffs' complaint clearly indicated that declaratory relief was also sought. The prerequisites a plaintiff must establish to secure declaratory relief are different and less demanding than the irreparable injury standard for injunctive relief. Steffel v. Thompson, 415 U.S. 452, 466-73, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1973); Zwickler v. Koota, 389 U.S. 241, 254, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Wulp v. Corcoran, 454 F.2d 826, 832 (1st Cir. 1972); Note, Developments in the Law Section 1983 and Federalism, 90 Harv.L.Rev. 1133, 1291 (1977).
 
 
 6
 The district court's analysis quoted above seems to focus primarily on the requirements for injunctive relief. In most cases we would find such an approach to be unacceptable. There is nothing in Puerto Rico International Airlines, Inc., supra (a case involving a claim for declaratory relief alone) suggesting that equitable and comity considerations against interfering with state civil proceedings necessarily or even routinely should be taken to preclude declaratory relief. A rigorous balancing test is contemplated, including the cost to plaintiffs of having to proceed through the state court system, and some judgment as to how intrusive or disruptive a federal decree is likely to be to the ongoing state civil proceeding. We note that in the present case it might be possible for the district court to decide this case on the merits against defendants and for defendants to change the method of selection of jurors well before there was any need to impanel a jury for plaintiffs' state suit.
 
 
 7
 Despite the district court's failure to balance interests relating to the declaratory relief requested, we do not reverse. In order for a balancing test to be carried out, there must be a record of facts to balance. Here, plaintiff's counsel did not present the trial court or indeed this court with any information regarding the nature of plaintiff's state suit, the time at which it was set for trial, or any other factors relevant to evaluating plaintiff's interest against that of the state in light of the principles of comity and equitable restraint.* This was plaintiff's burden and it was not met. Therefore we have no basis for finding the district court's conclusion that it "finds nothing to justify an exercise of its equitable discretion" to be an abuse of discretion.
 
 
 8
 However, given our concern over the minimal balancing test employed by the district court on the issue of declaratory relief, and the fact that one of the defendant's counsel stated at oral argument that the district court's judgment of dismissal was meant to be without prejudice, we affirm the dismissal of plaintiff Rodriguez Diaz' suit but direct the district court to dismiss the case without prejudice. The dismissal of the other plaintiffs' suits are affirmed.
 
 
 
 *
 Indeed, plaintiffs did not even submit a memorandum in opposition to defendants' motion to dismiss