AK STEEL CORPORATION, Plaintiff,

v.

Jeff CHAMBERLAIN, et al., Defendants.

No. C–1–97–383.

United States District Court,
S.D. Ohio,
Western Division.

Aug. 21, 1997.

George Edward Yund, David Charles Horn, Frost & Jacobs, Cincinnati, OH, Frank Chester Woodside, III, Dinsmore & Shohl, Cincinnati, OH, for AK Steel Corp.

Louise Malbin Roselle, Colleen Marie Hegge, Stanley Morris Chesley, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, James Delano Ruppert, Ruppert, Bronson, Chicarelli & Smith Co. LPA, Franklin, OH, David Marvin Cook, Andrew Seth Lipton, Manley, Burke, Fischer, Lipton & Cook, Cincinnati, OH, for Jeff Chamberlain, Gary Parks.

Louise Malbin Roselle, Colleen Marie Hegge, Waite, Schneider, Bayless & Chesley Co., Cincinnati, OH, for Joe Helton.

## ORDER DENYING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

SPIEGEL, Senior District Judge.

This matter is before the Court on Plaintiff's Motion for Permanent Injunction (doc. 2), Defendants' Memorandum in Opposition (doc. 7), Plaintiff's Reply (doc. 8), Defendants' Supplemental Citation of Authority (docs. 14 & 15) and Plaintiff's Reply (doc. 16). The Court held hearing on the Motion for Preliminary Injunction on June 3, 1997.

### BACKGROUND

Plaintiff, AK Steel Corporation ("AK Steel"), brought this action for declaratory and injunctive relief against Defendants, Jeff Chamberlain, Gary Parks, Joe Helton, Ricky Allen Bauer, Jerry Rogers and Kenneth Carder, who are or were employees at the AK Steel facility in Middletown, Ohio. Defendants are or were also members of the collec-

tive bargaining unit represented by the Armco Employees Independent Federation ("AEIF"). Defendants were injured in an explosion at the Middletown facility in December 1995.

On January 26, 1996, Defendants filed a class action complaint against AK Steel in the Court of Common Pleas for Butler County, Ohio, Case No. CV96–01–0105 (the "State Class Action") (Sage, J.), seeking to represent a class of workers who had been employed at the AK Steel's Middletown facility since 1992. Defendants allege that AK Steel intentionally maintains an unsafe workplace, exposing its employees to hazardous working conditions. In the State Class Action, Defendants seek injunctive relief, medical monitoring and compensatory and punitive damages for the class.

AK Steel contends that the claims in the State Class Action are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. AK Steel, however, did not remove the action to federal court. Instead, on May 9, 1996, AK Steel filed a motion for partial summary judgment in the State Class Action arguing that Defendants' state law claims for intentional tort were preempted by § 301 of LMRA. After fully briefing and arguing the issue, AK Steel withdrew the motion before Judge Sage could rule on the motion.

On March 4, 1997, Judge Sage issued a decision certifying the case as a class action. AK Steel immediately appealed the decision which the Ohio Court of Appeals dismissed as not a final and appealable order on June 20, 1997. *See* Document 15. AK Steel also moved to have Judge Sage disqualified based upon an alleged conflict of interest. On July 3, 1997, Chief Justice Moyer of the Supreme Court of Ohio denied the motion.

On April 21, 1997, AK Steel filed this action in the United States District Court for the Southern District of Ohio. AK Steel seeks a declaration that the Defendants' claims in the State Class Action are preempted, that Defendants' claims in the State Class Action must be arbitrated pursuant to the collective bargaining agreement ("CBA") between AK

Steel and AEIF, as well as an injunction against Defendants from maintaining their State Class Action.

AK Steel then filed a Motion for Permanent Injunction. AK Steel asks this Court to enjoin Defendants from taking any further action in the State Class Action. The Court held a hearing on the Motion for Permanent Injunction on June 3, 1997.

## DISCUSSION

AK Steel's motion raises numerous procedural as well as substantive legal questions. Initially, the Court is concerned about the status of its jurisdiction to even hear this matter. Further, there are numerous hurdles that must be overcome to issue an injunction against union activity and pending state proceedings. In addition, the Court must also address other equitable factors which inform our decision whether to enjoin the state court action. Finally, there are complex questions related to preemption,[1] contract interpretation and compelling arbitration which the Court must resolve in order to determine whether an injunction is proper. The Court will not have to address many of these issues because we do not have authority to grant the injunction sought by AK Steel.

## I. Jurisdiction

AK Steel asserts that this Court has jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, and the Labor Management Relations Act, 29 U.S.C. § 301. Federal courts have a duty to see that the jurisdiction granted to the court by the Constitution is not exceeded. *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). In this case, the Court must determine whether AK Steel's action for declaratory judgment that claims in a pending state court action are preempted because of a CBA "arises under" the Constitution or laws of the United States. In essence, AK Steel seeks our ruling whether their preemption defense to the pending state claims is victorious.

---

1. The Court also notes that we have serious reservations that the LMRA would bar, as preempted, all employees who also happen to be members of a bargaining unit from pursuing an intentional tort claim against their employer.

The Court has engaged in extensive research concerning the basis of our jurisdiction to hear the merits of this case. Unfortunately, we have been unable to resolve the question to our satisfaction. However, because it is clear that we do not have authority to grant the injunction sought by AK Steel, we DENY the motion and ORDER the Parties to brief the question of whether the Court has jurisdiction to continue to hear this case. Specifically, the Court is concerned whether an action to declare the claims of a private party based upon state law are preempted fits within the limited exception to the well-pleaded complaint rule of *Mottley. Compare Shaw v. Delta Air Lines,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 2899 n. 14, 77 L.Ed.2d 490 (1983) (stating that a plaintiff seeking injunctive relief from state regulation on ground that it is preempted presents a question of federal law).

## II. The Anti–Injunction Act

Defendants argue that two provisions of federal law limit the Court's authority to grant injunctions in this context. First, the Norris–LaGuardia Act, 29 U.S.C. § 104, prohibits injunctions in certain instances in cases involving labor disputes. Second, the Anti–Injunction Act prohibits federal courts from enjoining pending state court actions except in three limited situations.

 Because AK Steel seeks to enjoin the litigant in a state court action, our authority to grant an injunction must first be determined by reference to the Anti–Injunction Act, 28 U.S.C. § 2283. *See Alton Box Board Co. v. Esprit de Corp.,* 682 F.2d 1267 (9th Cir.1982) (finding that injunction directed at litigant has same effect as injunction against the state court itself); *Krey Packing Co. v. Hamilton,* 572 F.2d 1280 (8th Cir.1978) (same). The Anti–Injunction Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary to aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The Court may only enjoin a pending state court action if the injunction would fall within one of the three exceptions to the Anti-injunction Act. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 287, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970) ("Any injunction against state court proceedings ... must be based on one of the specific statutory exceptions to § 2283 if it is to be upheld."). Furthermore, the Court may not attempt to expand those exceptions "by loose statutory construction." *Id.* Finally, any doubts regarding the propriety of granting an injunction against a pending state court proceeding should be resolved in favor of allowing the state court to determine the controversy. *Id.* at 294, 90 S.Ct. at 1746–47.

AK Steel argues that an injunction in this instance is necessary both in aid of this Court's jurisdiction and to protect or effectuate the Court's judgment. We disagree.

 The term "to protect or effectuate its judgments," often referred to as the relitigation exception, is grounded in principles of res judicata and collateral estoppel. *Huguley v. General Motors Corp.,* 999 F.2d 142, 145 (6th Cir.1993). "The 'essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings *actually have been decided* by the federal court.'" *Id.* at 144 (emphasis in original) (quoting *Chick Kam Choo v. Exxon,* 486 U.S. 140, 148, 108 S.Ct. 1684, 1690, 100 L.Ed.2d 127 (1988)); *Texas Employers' Ins. Assoc. v. Jackson,* 820 F.2d 1406, 1416 (5th Cir.1987) *aff'd in part on this ground and reversed in part,* 862 F.2d 491 (5th Cir.1988) (en banc). In this situation, however, we have not issued nor have we been asked to issue an order which would create a judgment which requires an injunction to effectuate or enforce it. Accordingly, the Anti–Injunction Act does not authorize an injunction under this exception. *See Krey,* 572 F.2d at 1282 (finding action to enforce arbitrator's award and enjoin state action on similar issue did not fall within the relitigation exception because there was no final judgment from a federal court to protect or effectuate).

 AK Steel also argues that an injunction is authorized under the "necessary in aid of jurisdiction" exception. The general rule under the "necessary in aid of its jurisdiction" exception is that where state and

federal courts have concurrent jurisdiction over a case, neither court may prevent the parties from simultaneously pursuing claims in both courts. *Atlantic Coast Line R.R.,* 398 U.S. at 295, 90 S.Ct. at 1747. The phrase "necessary in aid of jurisdiction" "impl[ies]" that some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide the case." *Id.* "[I]t is not enough that the requested injunction is related to that jurisdiction, but it must be 'necessary in aid of' that jurisdiction." *In re Glenn Turner,* 521 F.2d 775, 780 (3rd Cir. 1975) (citations omitted). The mere existence of a parallel action in state court does not rise to the level of interference with federal jurisdiction to permit injunctive relief under the "necessary in aid of jurisdiction" exception to the Anti–Injunction Act. *Lou v. Belzberg,* 834 F.2d 730, 740 (9th Cir.1987) *cert denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); *Texas v. United States,* 837 F.2d 184 (5th Cir.) *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988).

■ Ordinarily, the "necessary aid of jurisdiction" exception to the Anti–Injunction Act applies only to parallel state *in rem* rather than *in personam* actions. *See Vendo Co. v. Lektro–Vend Corp.,* 433 U.S. 623, 641–42, 97 S.Ct. 2881, 2892, 53 L.Ed.2d 1009 (1977). Other than in *in rem* actions, the Court has found only a few other narrow instances where courts have found that an injunction was "necessary in aid of the federal courts jurisdiction." Courts have issued injunctions against state proceedings where the state court has continued to proceed on a case previously removed from state court. *See Maseda v. Honda Motor Co.,* 861 F.2d 1248 (11th Cir.1988). Secondly, injunctions have been found to be appropriate where state courts take action in violation of exclusive federal regulation of a particular area of law. *See Sycuan Band of Mission Indians v. Roache,* 54 F.3d 535, 540–41 (9th Cir.1995) (affirming injunction as proper in aid of jurisdiction where state prosecution of Indian Tribe under state anti-gambling statute interfered with Federal Government's exclusive jurisdiction over gaming and criminal activity on Indian reservations). Third, occasionally although not consistently, courts have enjoined pending state court actions which would jeopardize impending settlements in class actions before the federal court. *See Carlough v. Amchem Products, Inc.,* 10 F.3d 189, 203 (3rd Cir.1993) (discussing cases); *Battle v. Liberty Nat'l Life Ins. Co.,* 877 F.2d 877, 880 (11th Cir.1989) (reasoning that a lengthy and complicated class action suit is the virtual equivalent of a res to be administered); *but see In re Temple,* 851 F.2d 1269 (11th Cir.1988) (holding that district court's certifying a mandatory class action and staying parallel state court actions did not fall within the "necessary in aid of jurisdiction" exception and thus violated the Anti–Injunction Act).

■ The injunction proposed here is not necessary in aid of this Court's jurisdiction. AK Steel has not asserted that the proposed injunction fits one of the narrow examples of injunctions necessary to aid in jurisdiction. AK Steel insists that State Class Action, "if permitted to continue, would subvert the well-established polices of federal law in favor of collective bargaining and labor arbitration." Document 2 at 2. The law is clear, however, that a federal court cannot enjoin a state court proceeding "merely because those proceedings interfere with a protected federal right or invade an area preempted by federal law, even when the interference is unmistakably clear." *Atlantic Coast Line,* 398 U.S. at 294, 90 S.Ct. at 1747. Under the LMRA, the state and federal courts have concurrent jurisdiction and "neither court is free to prevent either party from simultaneously pursuing claims in both courts.' " *Krey,* 572 F.2d at 1283 (quoting *Atlantic Coast Line,* 398 U.S. at 295–96, 90 S.Ct. at 1747). Accordingly, the Court finds that an injunction here is not necessary to aid in of jurisdiction.

AK Steel points out that numerous courts have found it appropriate to enjoin a pending state court proceeding after issuing an order compelling arbitration in a contract dispute. For the reasons stated below, we find these cases unpersuasive in the situation presented by this case.

First, the cases enjoining state proceedings pursuant to a claim that a breach of

contract action must be arbitrated have done so only subsequent to or in conjunction with an order compelling arbitration. *See Matter of Nuclear Elec. Ins. & Central Power & Light*, 926 F.Supp. 428, 436 (S.D.N.Y.1996) (surveying cases and noting that courts grant injunctions after compelling arbitration). As noted earlier, this Court has not issued an order compelling arbitration. In fact, AK Steel has yet to even ask for an order to compel arbitration. Accordingly, the cases enjoining pending state actions final disposition of arbitration are inapplicable here because the Court has not issued an order compelling arbitration.

In addition, this case is more complicated than the cases cited by AK Steel which all involved a breach of contract action in state court where the sole question was clearly whether the breach of contract claim must be arbitrated. *See e.g., Snap-On Tools Corp. v. Vetter*, 838 F.Supp. 468, 473 (D.Mont.1993) (noting that first issue was whether parties to dealership agreement agreed to arbitrate). Here, in contrast, the underlying claims in state court are intentional tort claims, not breach of contract claims. Thus, the Court would first have to decide whether the state tort claims are preempted and therefore, in reality claims under the collective bargaining agreement before ever getting to the question whether the Parties are required · to arbitrate those claims. Because enjoining a state proceeding is an extraordinary remedy and all doubts concerning its use should be resolved against granting the injunction, the additional substantive questions concerning preemption increase the uncertainty regarding the propriety of ordering arbitration and thus militates against granting an injunction.

Finally, we are not convinced by the analysis in those cases enjoining pending state action that an order compelling arbitration comes within the narrow exceptions to the Anti–Injunction Act. The majority of cases grant the injunction without discussing the requirements of the Anti–Injunction Act or how their injunction fits within those exceptions. For example, in *McGuire, Cornwell & Blakey v. Grider*, 765 F.Supp. 1048 (D.Colo. 1991), the court found that a stay of the state court proceeding was justified in order to protect or effectuate its order compelling arbitration. *Id.* at 1052. The court, howev-

er, never ˙discussed that the exception to protect or effectuate judgments requires a final order or whether its order compelling arbitration was such an order. *Id.* In fact, none of the cases granting an injunction of a pending state court action after compelling arbitration has even mentioned, let alone analyzed, the propriety of granting the injunction under the Supreme Court's decision in *Atlantic Coastline. See e.g., Hunt v. Mobil Oil Corp.*, 557 F.Supp. 368, 372 (S.D.N.Y. 1983); *Pervel Indus., Inc. v. TM Wallcovering, Inc.*, 675 F.Supp. 867, 870 (S.D.N.Y. 1987) *aff'd* 871 F.2d 7 (2d Cir.1989) (affirming district court's arbitration order without discussing propriety of enjoining state proceeding); *H & M Charters, Inc. v. Reed*, 757 F.Supp. 859, 864 (S.D.Ohio 1991); *A.L. Williams & Associates, Inc. v. McMahon*, 697 F.Supp. 488, 494 (N.D.Ga.1988). Accordingly, the Court finds these cases of little persuasive value.

Thus, even assuming the Court has jurisdiction, we hold that pursuant to the Anti–Injunction Act we are without authority to grant the injunction sought by AK Steel.

## III. Other Equitable Principles

 Even if the Court had authority to grant AK Steel's Motion for Permanent ˙Injunction, we would not be inclined to grant one in this situation. Even when the Anti–Injunction Act authorizes a court to grant an injunction it does not mandate that the court issue an injunction. *Huguley v. General Motors Corp.*, 35 F.3d 1052, 1055 (6th Cir.1994); *Blalock Eddy. Ranch v. MCI Telecommunications Corp.*, 982 F.2d 371 (9th Cir.1992); *Merle Norman Cosmetics v. Victa*, 936 F.2d 466 (9th Cir.1991). Thus, the Court has discretion whether to issue an injunction even where a state court proceeding falls within one of the exceptions of the Anti–Injunction act. *American Town Center v. Hall 83 Associates*, 912 F.2d 104, 111 (6th Cir.1990) (citing *Silcox v. United Trucking Service*, 687 F.2d 848, 850 (6th Cir.1982)).

 In considering whether to exercise its power to enjoin state court proceedings, the district court must look to principles of equity, comity, and federalism. *Id.* Several factors weigh against granting an injunction where the moving party delays involving the

federal court until substantial proceedings have been completed in state court. First, we note that if AK Steel's theory of the case is correct, this case could have been removed to federal court more than a year ago. *See Avco Corp. v. Aero Lodge No. 735, Intern. Ass'n of Machinists and Aerospace Workers,* 390 U.S. 557, 559, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (finding, pursuant to § 301 of the LMRA, claims under a collective bargaining agreement arise under the laws of the United States within the meaning of the removal statute). AK Steel insists that this Court has proper jurisdiction based upon the complete preemption of the field of labor management relations by the LMRA and that preemption cannot be waived. This may well be true, but certainly AK Steel can waive presentation of that defense in federal court by failing to timely remove the state case pursuant to 28 U.S.C. § 1441. *See Wilson v. United States Dep't of Agriculture,* 584 F.2d 137, 142 (6th Cir.1978) (finding that Government waived right to remove by waiting ten months before filing removal petition); *Chicago Title & Trust Co. v. Whitney Stores,* 583 F.Supp. 575, 577 (1984) (finding that defendant waived right to remove by proceeding with defense in state court).

Because AK Steel failed to timely remove the State Class Action, it waived that right to remove and present the preemption defense to the federal court in the underlying action. Now, AK Steel wants this Court to remedy their failure by essentially granting it an exemption to the removal statute's requirements by enjoining the State Class Action and taking over adjudication of this dispute. The Court has little sympathy for AK Steel's plight since it could have saved judicial resources by removing the State Class Action if it believed it was preempted by the LMRA. The Court will not countenance AK Steel's procedural failure at this late juncture of the state proceedings. In other words, the Court will not now allow AK Steel to circumvent the removal statute by enjoining the proceedings in state court.

The Court is also concerned about the possibility of forum shopping based upon AK Steel's decision to wait until the Butler County Court of Common Pleas certified its case as a class action before seeking federal court involvement. Apparently AK Steel was con-

tent to litigate this case in state court until it lost on the question of class certification. The possibility of forum shopping is another ground upon which to deny an injunction in this situation. *See Winkler v. Eli Lilly & Co.,* 101 F.3d 1196, 1202 (7th Cir.1996) ("The principles of federalism and comity which the Anti–Injunction Act is meant to protect include a strong and long-established policy against forum-shopping.").

Finally, the Court notes that the doctrine of laches would militate against granting an injunction here. Laches is an equitable defense which bars injunctive relief where a plaintiff unreasonably delays in commencing an action. *Tri–Star Pictures, Inc. v. Leisure Time Productions, B.V.,* 17 F.3d 38, 44 (2d. Cir.1994); *Minnesota Public Interest Research Group v. Butz,* 358 F.Supp. 584, 619 (D.Minn.1973). "The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *Kansas v. Colorado,* 514 U.S. 673, 687, 115 S.Ct. 1733, 1742, 131 L.Ed.2d 759 (1995) (citation omitted); *see also* Black's Law Dictionary 875 (6th ed. 1990) ("'Doctrine of laches,' is based upon maxim that equity aids the vigilant and not those who slumber on their rights. It is defined as neglect to assert a right or claim which, taken together with lapse of time and other circumstances causing prejudice to the adverse party, operates as bar in court of equity").

The Court does not rely on these equitable grounds to deny the injunction because the Parties have not briefed the issue. However, there is no reason apparent to this Court why AK Steel waited for nearly a year and a half before filing this action.

## CONCLUSION

The Court finds that the Anti–Injunction Act prohibits this Court from enjoining the pending State Class Action in the present situation. Accordingly, the Court DENIES Plaintiff's Motion for Permanent Injunction.

SO ORDERED.