**SHIKLER et al. v. WEINSTEIN et al.**

United States District Court
S. D. New York.
May 14, 1952.

Winkelman & Winkelman, New York City, for plaintiff.

Darby & Darby, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

The court has before it a motion to stay all proceedings herein until the final determination of a patent action presently pending in the District Court for the Eastern District of New York.

The patent in suit—Letters Patent No. 2,194,100—is a "trouser waistband construction and method of fastening the same embodying a non-visible hook extending from a buttonhole positioned at the inside of the waistband portion of. the trouser." Plaintiffs here, Frank Shikler and Walter Jacobs, own the patent which was originally granted to Shikler as the alleged inventor. He assigned the right, title and interest to the patent to himself and Jacobs. Plaintiff Invisible is its exclusive licensee. Defendants here are alleged to have manufactured, sold and used trousers with a waistband construction embodying the patent. As a consequence plaintiffs here brought an infringement action against these defendants, and the complaint in the action also alleges that defendants entered into a one year non-exclusive licensing agreement with plaintiffs to use the features in the patent. Prior to the commencement of the action, plaintiffs terminated the license. The complaint was filed in this court on October 31, 1949. Three days earlier—October 28, 1949—an action was commenced by the filing of a complaint in the United States District Court, for the Eastern District of New York, entitled: New York Clothing Manufacturers Ex-

change, Inc., v. Shikler, D.C., 10 F.R.D. 582. Defendants there are plaintiffs in the action pending in this district. The action in the Eastern District seeks a declaratory judgment adjudging Letters Patent No. 2,194,100 to be invalid and adjudging that the trousers, slacks; and the like, manufactured or sold by plaintiffs there or any member of plaintiff Exchange do not infringe the patent. Defendants there answered the complaint. They counterclaimed for infringement and unfair competition. In addition, they charged plaintiffs Exchange and Ackerman and others not known to defendants with conspiring to influence members of the Exchange to infringe the patent and to participate in acts of unfair competition. Defendants there ask the District Court in the Eastern District to adjudge the patent valid and to declare it has been infringed by plaintiffs there and members of the plaintiff Exchange. They also ask that an injunction be issued against further infringement and unfair competition by those plaintiffs, including the members of plaintiff Exchange, and for an accounting for profits and damages.

By stipulation and order entered October 24, 1951, all defendants in the Southern District action were added as parties plaintiff in the Eastern District action. Pursuant to that order the complaints of the added plaintiffs there were served on October 26, 1951 and filed on November 14, 1951.

Defendants in the Southern District action now move for a stay of all proceedings herein until the final determination of the action in the Eastern District. This is resisted by plaintiffs here, but they have made no cross-motion to enjoin the action in the Eastern District.

The motion before me is grounded on the contention that since the Southern District action was the later filed action it partially duplicates the issues of the earlier, more comprehensive action in the Eastern District. Defendants here urge that in the interest of avoiding a multiplicity of suits with duplication in the trial of the same issues, the ends of justice require a stay of the Southern District action.

The principal grounds urged in resisting this motion are that plaintiffs here will be prejudiced in the event that a stay is granted, and since they had consented to the joining of the additional plaintiffs in the Eastern District action "without prejudice to the said Southern District civil action", defendants are lacking good faith in making this motion. It is also urged as a further basis for denying the motion that a pretrial has been set for the Southern District action for May 19, 1952.

The determination of this application depends upon the answer to the question: which jurisdiction can best serve the ends of justice by an expeditious and effective adjudication? In making this determination one of the proper factors to consider is the chronology of commencement of the actions. I also note that the Southern District action is between the owners of the patent and an alleged infringer. In the Eastern District the action is not only between those parties as to that issue, but, in addition, the association known as the New York Clothing Manufacturers Exchange, Inc. sues there on behalf of its members and Simon Ackerman Clothes, Inc., another manufacturer. In the Eastern District action there is also presented the issue of unfair competition and damages therefor. It is thus apparent that the Eastern District action brings together all the parties interested in the action: New York Clothing Manufacturers Exchange, Inc., Simon Ackerman Clothes, Inc., Herman Weinstein and Clara Weinstein, H. Weinstein, Inc. and Frank Shikler and Walter J. Jacobs, individually and doing business under the trade name and style of Invisible Trouser Hook Co.

The problem of the patent's validity which is in issue in both districts is supplemented in the Eastern District action by the issues relating to the New York Clothing Manufacturers Exchange, Inc. and its members, as well as by the question of unfair competition. These latter issues are completely lacking in the Southern District action. All the issues are joined there and the balance of convenience appears to be in favor of the Eastern District action. Moreover it was the first suit brought and

50

absent a showing of balance of convenience in favor of the later action, it should have priority. Remington Products Corporation v. American Aerovap, Inc., 2 Cir., 1951, 192 F.2d 872. See also Hammett v. Warner Bros. Pictures, Inc., 2 Cir., 1949, 176 F.2d 145; Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 3 Cir., 1951, 189 F.2d 31, affirmed 1952, 342 U.S. 180, 72 S.Ct. 219; Crosley Corp. v. Hazeltine Corp., 3 Cir., 1941, 122 F.2d 925, certiorari denied 1942, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211. The crux of the issue was well characterized in this language from the opinion of the Court of Appeals for the Third Circuit in Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., supra, 189 F.2d at page 34:

"In the instant case the whole of the war and all the parties to it are in the Chicago theatre and there only can it be fought to a finish as the litigations are now cast. On the other hand if the battle is waged in the Delaware arena there is a strong probability that the Chicago suit nonetheless would have to be proceeded with for Acme is not and cannot be made a party to the Delaware litigation. The Chicago suit when adjudicated will bind all the parties in both cases. Why, under the circumstances, should there be two litigations where one will suffice? We can find no adequate reason. * * *"

In affirming the Kerotest decision of the Court of Appeals, the Supreme Court summarized the crucial considerations in the following language, 342 U.S. at page 185, 72 S.Ct. at page 222:

"The manufacturer who is charged with infringing a patent cannot stretch the Federal Declaratory Judgments Act [28 U.S.C.A. §§ 2201, 2202] to give him a paramount right to choose the forum for trying out questions of infringement and validity. He is given an equal start in the race to the courthouse, not a headstart. If he is forehanded, subsequent suits against him by the patentee can within the trial court's discretion be enjoined pending determination of the declaratory judgment suit * * *."

The above-mentioned stipulation consenting to the joinder of defendants here as plaintiffs in the Eastern District action was a consent without prejudice to the Southern District action being reached in due course "unless otherwise ordered by Court order." It therefore does not clash with a disposition to stay the Southern District action on the facts before me.

■ Accordingly, it is my conclusion that in view of the fact that the Eastern District action includes all of the issues of the Southern District action as well as other parties presenting further issues not present in the Southern District action, in the interest of justice the balance of convenience seems to be in favor of that action. Moreover, it was the first suit brought. The motion of defendants is granted.

■ While there is some indication that the trial in the Southern District may anticipate the trial in the Eastern District I am of the opinion that this slight delay would seem too narrow a basis for departure from recognized principles in a case as clear as this. In the event that movant attempts to delay the trial of the Eastern District action, application may be made for an order vacating the instant stay. Settle order.