**Mildred CRAWFORD, Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY et al., Defendants.**

**Civ. A. No. 2180.**

United States District Court
S. D. Georgia,
Savannah Division.

May 2, 1968.

John Paul Howard, Jacksonville, Fla., for plaintiff.

Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Savannah, Ga., for defendants.

### ORDER ON DEFENDANTS' MOTION TO STAY ACTION

SCARLETT, District Judge.

Defendants have moved the Court for an order staying further proceedings in this case until the action pending in the

Fourth Judicial Circuit for the State of Florida, in and for the County of Duval, entitled "Mildred Crawford v. Seaboard Air Line Railroad Company, et al, No. 66107–L, Division H" has been dismissed. This motion came on for a hearing before this Court on April 29, 1968. Both parties were represented by counsel. It was the second hearing on this matter. At the first hearing counsel for Mildred Crawford had stated that the Florida action referred to above would be dismissed. At the hearing on April 29, 1968 Florida counsel stated that the Florida proceeding was still pending.

Defendants urge that by reason of the pendency of the Florida action in the Florida State Court, this Court should grant an order staying proceeding herein until said issues have been tried and determined by the Fourth Judicial Circuit for the State of Florida, in and for the County of Duval.

An examination of the history of this conflict is relevant to the question of whether this Court should favorably consider the defendants' motion to stay further proceedings in this district pending the prosecution and ultimate decision in the previously filed Florida action.

 The case of Mildred Crawford v. Seaboard Air Line Railroad Company was commenced in the Fourth Circuit Court of Duval County, Florida on January 17, 1967. In Shikler v. Weinstein, D.C., 105 F.Supp. 48, 49–50, the court held that in determining whether to stay a proceeding because of the pendency of the same action in another court filed prior in time, one of the prime factors to consider is the chronology of commencement of the actions. Crosley Corporation v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, in accord with the *Shikler* holding, held that the court first to obtain jurisdiction of parties and issues should ordinarily proceed to adjudicate the controversy and should restrain parties from seeking in the interim in a later suit in another court to duplicate that adjudication.

The case having been set once for trial in the Fourth Circuit Court of Duval County, Florida, the disposal of the action appears to be possible in the near future. In Mottolese v. Kaufman, 2 Cir., 176 F.2d 301, in a motion to stay action, the court gave considerable weight to the fact that there was nothing in the record to show that an earlier trial was more likely in the federal court than in the state court.

 In this case the action is based upon a wrongful death in Florida. Wrongful death statutes vary considerably from state to state, and therefore a state court is in a much better position to interpret their own particular wrongful death statute than would a federal court. In Meredith v. City of Winter Haven, 320 U.S. 228, 236, 64 S.Ct. 7, 88 L.Ed. 9, the court held that it is the court's duty to stay proceedings when a suit is pending in the state courts, where the state questions can be conveniently and authoritatively answered.

While parties have a right to this forum, granted under the diversity statute, they have no right to engage the court or their adversaries in wasteful activities when another forum is available where claimed grievances may be fully and fairly heard and a disposition made upon the merits. See Mottolese v. Kaufman, 2 Cir., 176 F.2d 301. "The public interests require that the court will control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

 Court congestion today, as always, is a matter of major concern in the administration of justice and to permit this action to continue, under the facts here presented, would be to add unnecessarily to that congestion and to delay other litigants who await trial and for whom no other avenue or relief is

available. Congestion alone is no ground for denying a litigant access to courts, but here the plaintiff has ample opportunity to redress her grievances in the state court action. To permit her to proceed would not only involve duplicitous effort but would impose additional financial burden upon the defendant.

The fundamental question is whether an adequate forum is available where the complaint of plaintiff will be heard and justice done. Nothing has been presented which in any wise warrants a continuance of this action before this court before there has been a final determination on the merits of the case in the state court of Florida.

Essentially, the exercise of the power to stay further proceedings according to Justice Cardozo,

> "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants."

Landis v. North American Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

As a general rule, the action which is first commenced would be given priority. Mays v. Oxford Paper Co., 195 F.Supp. 414 (E.D.Pa.1961). Camero v. McNamara, 222 F.Supp. 742 (E.D.Pa.1943). However, a Court should not simply ascertain which suit has been filed first, and mechanically stay the later action; the more significant consideration is "whether the relief sought can be 'more expeditiously and effectively afforded'" in one forum in comparison to the other. Kerotest Mfg. Co. v. C-O Two Fire Equipment Co., 189 F.2d 31 (3rd Cir. 1951), citing Crosley Corp. v. Westinghouse Electric & Mfg. Co., 130 F.2d 474, 475 (3rd Cir. 1942).

■ For the reasons set out above, the relief sought by the defendants' motion to stay further proceedings is granted and it is

Ordered, decreed and adjudged that plaintiff's action be and it hereby is

stayed in this Court until the case in the State Court in Florida has been dismissed and a certified copy of said dismissal filed with this Court, or there has been a final determination on the merits of the case in the State Court of Florida, after which this Court may ascertain whether or not there are any issues remaining for consideration by this Court.