CENTRONICS DATA COMPUTER
CORPORATION

v.

MERKLE–KORFF INDUSTRIES.

No. 80–163–L.

United States District Court,
D. New Hampshire.

Dec. 5, 1980.

Andrew Dunn, Devine, Millimet, Stahl &
Branch, Manchester, N. H., for plaintiff.

Eugene M. VanLoan, III, Manchester, N. H., for defendant.

## ORDER ON MOTION TO DISMISS OR TRANSFER OR STAY

LOUGHLIN, District Judge.

In the instant action, plaintiff Centronics Data Computer Corporation (hereafter Centronics) filed a complaint against defendant Merkle–Korff Industries, Inc. (hereafter Merkle–Korff) on April 7, 1980 in this court. A Motion to Dismiss or Transfer was filed by the defendant, Merkle–Korff on May 12, 1980. The defendant, Merkle–Korff had previously filed a complaint in the Circuit of Cook County, Illinois on or about March 20, 1980. A summons and the complaint were served on Centronics in Hudson, N.H. on March 27, 1980. In an order issued on September 5, 1980 this court held defendant's Motion to Dismiss or Transfer in abeyance pending receipt of the order of the Honorable Arthur A. Sullivan, Jr., Judge of the Circuit Court of Cook County on Centronics' Motion to Quash which was pending in that court. In an order issued on October 24, 1980 Judge Sullivan denied Centronics' Motion to Quash, ordered Centronics' special appearance to stand as a general appearance, and granted Centronics leave to file instanter its Motion to Dismiss or, in the Alternative, to stay proceedings. A hearing has been set on Centronics' Motion to Dismiss or, in the Alternative, to stay proceedings for January 16, 1981 in the Circuit Court of Cook County.

It appears that the two actions are the same stemming from a purchase order agreement entered into by the parties on October 25, 1978. The causes of action involved in the complaint filed in this court are breach of express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for a particular use and breach of contract. In the complaint filed in Cook County, the cause of action is one for breach of contract. The issues which are involved in the action presently before this court could be pleaded by Centronics as a defense or a counterclaim in Cook County. Centronics' claim can be adequately tested and protected in the Cook County action.

There is no federal cause of action in the instant case. The parties are before this court on the basis of diversity jurisdiction. Centronics is a Delaware Corporation with its principal place of business in Hudson, N.H. Merkle–Korff Industries is an Illinois Corporation with its principal place of business in Des Plaines, Illinois. The contract between the parties provided that the purchase order would be governed and interpreted under the laws of New Hampshire. It is clear, however, that the applicable law would be Article 2 of the Uniform Commercial Code which has been adopted by both New Hampshire and Illinois. There are factual issues in dispute, thus this is not a situation where the issues in dispute are mainly questions of law based on facts that are simple or may be stipulated.

 The motion presently before this court is Merkle–Korff's Motion to Dismiss or Transfer. In a Memorandum in Support of Motion to Stay or Dismiss filed on September 3, 1980, Merkle–Korff requested the court to consider its motion as a request for a stay as well as a motion to dismiss or transfer. Since similar considerations apply to a stay as to a dismissal without prejudice because of a pending similar action, the court has considered the pending motion as a request for a stay as well as a motion to dismiss or transfer. Under 28 U.S.C. 1404(a) a District Court may transfer any civil action to any other district or division where it might have been brought for the convenience of the parties and in the interest of justice. To transfer this action to the U.S. District Court for the Northern District of Illinois will not avoid the duplicity of the actions. This court cannot under § 1404(a) transfer the action to the Circuit Court of Cook County. The court denies Centronics' Motion to Transfer. The court also denies Centronics' Motion to Dismiss.

 This court may, however, for reasons of comity and efficiency stay an action when a suit is pending in a state court

between the same parties which will conveniently and authoritatively dispose of the issues in dispute between the federal litigants. The Court has clearly stated that:

> ... the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. v. United States*, 282 U.S. 760, 763 [51 S.Ct. 304, 305, 75 L.Ed. 684]; *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 [55 S.Ct. 310, 311, 79 L.Ed. 440].

*Landis, et al. v. North America Co.*, 299 U.S. 248, 254–255, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936).

■ The propriety of a stay is a decision which is largely committed to the "carefully considered judgment" of the district court. *Colorado River Water Conservation District, et al. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 663, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978). The First Circuit in *Puerto Rico International Airlines Inc. v. Silva Recio*, 520 F.2d 1342, 1345 (1st Cir. 1975) citing *Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed.2d 1620 (1942) and *Provident Tradesman's Bank & Trust v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968) held the declination of federal jurisdiction to be a matter of discretion. The court stated:

> ... in weighing the public interest, comity must be considered as well as plaintiff's potential harm. The fact of a previously filed and still pending proceeding in another court ought to be weighty in the balance of equities. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674 (5th Cir. 1973); *Duggins v. Hunt*, 323 F.2d 746 (10th Cir. 1963). "The fact that another action, involving substantially the same issues, is pending in a state or federal court is a potent factor in discretionary refusal to assume jurisdiction."

6A Moore's Federal Practice §§ 57.08[3] at 57–43 (3d ed. 1974).

*Silva Recio, supra*, 1345.

> Among the many considerations pertinent to the exercise of this discretion [a stay of proceedings] are those of comity, the extent of disputed factual (as opposed to legal) issues involved, adequacy of relief available in statute court, avoidance of maneuvers designed to throw sand into judicial machinery, the order in which the courts obtained jurisdiction, the need for comprehensive disposition of litigation, and the desirability of avoiding piecemeal litigation. id. [Annot., 5 A.L.R.Fed. 10 (1970)].

*State Farm Mutual Auto Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979).

In *Universal Gypsum of Ga., Inc. v. American Cyanamid Co.*, 390 F.Supp. 824, 827 (S.D.N.Y.1975) the Court listed the following seven factors pertaining to the determination of an application for a stay:

1. considerations of comity;
2. promotion of judicial efficiency;
3. adequacy and extent of relief available in the alternative forum;
4. identity of parties and issues in both actions;
5. likelihood of prompt disposition in the alternative forum;
6. convenience of parties, counsel and witnesses;
7. possibility of prejudice to a party as a result of the stay.

■ It has been held that in determining whether to stay a proceeding because of the pendency of the same action in another court filed prior in time, one of the prime factors to consider is the chronology of commencement of the actions. *Shikler v. Weinstein*, 105 F.Supp. 48, 49–50 (S.D.N.Y.1952); *Crawford v. Seaboard Coastline Railroad Company*, 286 F.Supp. 556, 557 (S.D.Ga. 1968). In the instant action it is clear that the action in Cook County was filed prior to the action in the District of N.H. The court recognizes that "the practice of determining priorities between pending actions on the basis of dates of filing is a general rule, not

to be applied in a mechanical way, regardless of other considerations. *Hammett v. Warner Bros. Pictures, Inc.*, 176 F.2d 145, 150 (2d Cir. 1949)." *Brierwood Shoe Corp. v. Sears, Roebuck & Co.*, 479 F.Supp. 563, 568 (S.D.N.Y.1979). And it is clear that "the first filed action should not have priority when little if anything has been done to advance it for trial, and the balance of convenience favors the forum in which the latter suit is commenced." *supra*, 568. Here, however, the balance of convenience does not favor the District of New Hampshire. There are no special circumstances which justify giving priority to the action filed in this court. *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2nd Cir. 1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The Supreme Court has defined the test as to the priority between two suits to be "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200. When the first filed suit has been triggered by a notice letter and in instances when the first action is an action for a declaratory judgment, it has been held that the equitable consideration of the triggering by the notice letter may be a factor in the decision to allow the later filed action to proceed to judgment in plaintiff's chosen forum. *Factors, Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215 (2nd Cir. 1978), cert. denied, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). In the instant action we are dealing with a declaratory judgment even in considering Centronics' letter of February 6, 1980. However, it is questionable whether that letter could be considered a notice letter.

The court in making its decision in the instant action does not look solely to the times of the filings of the actions, but evaluates other considerations as well. "When the concurrent state action takes place in a jurisdiction other than the one in which the federal court is sitting, those factors typically considered in connection with the doctrine of forum non conveniens also are relevant." 7A Wright and Miller, *Federal Practice and Procedure*, § 1838 p. 426 (1972 ed.). In the instant action, it appears that the State of Illinois has equally as many contacts with the action as the State of New Hampshire. Defendant Merkle–Korff is an Illinois Corporation with its principal place of business in Des Plaines, Illinois. Payments that were made by Centronics were sent to Des Plaines. Defendant, Merkle–Korff alleges delivery was F.O.B. Des Plaines to Centronics' designated carrier. The Motors are presently in storage in Illinois. There is a dispute as to whether the offer was solicited in Illinois or New Hampshire. While Merkle–Korff as a plaintiff in Cook County may seek to depose a number of Centronics' executives located in New Hampshire, it is not unreasonable to assume that Centronics as plaintiff would seek to depose executives of Merkle–Korff located in Illinois. In this action considerations of comity and the promotion of judicial efficiency suggest that the court issue an order to stay the proceedings. There is adequate and complete relief available to Centronics in the Illinois Court. The parties and the issues are the same in both actions. It appears that either forum would be equally convenient for the parties, counsel, and witnesses. There appears to be no possibility of prejudice to Centronics as a result of a stay. The only negative factor before this court in evaluating the considerations is that disposition of the case in the Illinois Court will perhaps take longer than disposition in this Court. It appears that this action could be brought to trial in this court within two years. It is unlikely that this case will be reached in Illinois before 1984. While recognizing that prompt disposition of the case is an important factor, in evaluating the totality of the circumstances, the court finds that good reason has been shown for this federal action not to be allowed to proceed. It is therefore ordered that all further proceedings in this action be stayed until completion of all proceedings in the trial court in the action entitled *Merkle–Korff Industries, Inc. f/k/a Merkle–Korff Gear Co. v. Centronics Data Computer Corp.*, Docket No. 80 L6655, now pending

in the Circuit Court of Cook County in the State of Illinois, or until further order of this court.