**HARTFORD ACCIDENT & INDEMNITY COMPANY, Plaintiff,**

v.

**HOP–ON INTERNATIONAL CORPORATION t/a Franz Schoenen, Ltd., Metric Fashions, Inc., Chams De Baron Co., Inc., Spearsonic Electronics Inc. and Lewis Brokerage, Ltd., Defendants.**

No. 82 Civ. 7463 (GLG).

United States District Court, S.D. New York.

Aug. 23, 1983.

See also D.C., 568 F.Supp. 1568.

Whitman & Ransom, New York City, for plaintiff; Herbert P. Polk, Frederic R. Mindlin, New York City, of counsel.

Robinson, Silverman, Pearce, Aronsohn & Berman, New York City, Wilentz, Goldman & Spitzer, Woodbridge, N.J., for defendants Hop-On Intern. Corp., Metric Fashions, Inc., Chams De Baron Co., and Spearsonic Electronics, Inc.; Stephen M. Charme, New York City, Alan M. Darnell, Frederick J. Dennehy, Woodbridge, N.Y., of counsel.

Hart & Hume, New York City, for defendant Lewis Brokerage, Ltd.; Joseph A. Bergadano, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

This is a declaratory judgment action by Hartford Accident & Indemnity Co. (Hartford) against Hop-On International Corp. and its subsidiaries, Metric Fashions, Inc., Chams De Baron Co., Inc., and Spearsonic Electronics, Inc. (hereinafter collectively referred to as Hop-On).[1] Before this Court are Hop-On's motion to dismiss the complaint and Hartford's motion to enjoin Hop-On from prosecuting an almost identical action pending in New Jersey Superior Court.

For the purposes of this motion, the facts can be simply stated. In 1982, as a result of a fire at its warehouse in Woodbridge, New Jersey, Hop-On sought payment under its fire insurance policy, which was written by Hartford. Under the terms of the policy, Hop-On was required to submit a proof of loss statement to Hartford and wait at least sixty days thereafter before it could sue to recover any losses allegedly covered by the policy. Accordingly, Hop-On submitted a proof of loss statement to Hartford on September 23, 1982.

On November 5, 1982, before the sixty days had expired and thus before Hop-On could sue for payment under the insurance policy, Hartford commenced this action. In its complaint, Hartford has sought either a declaration that its contract of insurance with Hop-On is void because Hop-On mis-

---

1. Hartford also named Lewis Brokerage, Ltd. as a defendant in this action. By opinion dated August 22, 1983, however, this Court dismissed the complaint as to Lewis.

represented its past history of property losses or, if the contract is held to be valid, a declaration that Hartford's liability for the loss resulting from the fire at Hop-On's warehouse is limited to $3 million.

On December 6, 1982, after the sixty days had expired, Hop-On sued Hartford and Lewis Brokerage, Ltd. (Lewis), the broker that had procured the insurance policy for Hop-On, for payment under the policy; suit was commenced in New Jersey Superior Court, Middlesex County.[2] In count one of the complaint, Hop-On has alleged that it sustained a $5 million loss as a result of the fire, that it is entitled to collect $5 million under its insurance contract with Hartford, and that Hartford has failed to pay Hop-On's claim within the time provided for in the policy. In count two, Hop-On has alleged that Hartford's actions in not paying the claim and in filing this declaratory judgment action were taken in bad faith and to pressure Hop-On to settle its claim for less than its true worth. In count three, Hop-On has alleged that, if Hartford has any defenses to Hop-On's claim and thus does not have to pay Hop-On under the policy, Lewis is liable for Hop-On's loss because Hartford's defenses result from Lewis's negligence.[3]

It is against this backdrop that we now view these motions.[4] Hop-On argues that the dispute between the parties should be resolved in New Jersey Superior Court and that, consequently, the Court should defer to the New Jersey court and dismiss this action. On the other hand, Hartford argues that this Court should adjudicate the dispute between the parties and enjoin Hop-On from prosecuting the New Jersey action.

For the reasons stated below, this Court will defer to the New Jersey action.

*Discussion*

When similar actions are pending in state and federal court, the federal court can, in the interests of economy and sound judicial administration, defer to the state action and abstain from exercising its jurisdiction. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* —— U.S. ——, 103 S.Ct. 927, 935–37, 74 L.Ed.2d 765 (1983); *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 662–64, 98 S.Ct. 2552, 2557–58, 57 L.Ed.2d 504 (1978); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817–19, 96 S.Ct. 1236, 1246–47, 47 L.Ed.2d 483 (1976). Because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," *Colorado River Water Conservation District, supra,* 424 U.S. at 817, 96 S.Ct. at 1246, however, this power to abstain should be exercised only in "exceptional circumstances." *Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 936–37; *Colorado River Water Conservation District, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47. As the Supreme Court has noted, the decision whether to defer to a similar state action rests on a careful balancing of the court's obligation to exercise jurisdiction against the factors counseling against that exercise,[5] "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 937; *accord, Colorado River Water Conservation District, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

When the federal action is one for a declaratory judgment, on the other hand,

---

**2.** The Middlesex County Courthouse is located in New Brunswick, New Jersey.

**3.** Answers have not been filed in either action.

**4.** It should be noted that, in the New Jersey action, Hartford moved to dismiss the complaint on the ground of *forum non conveniens* or, alternatively, to stay the action pending disposition of this action. These motions were denied without prejudice, pending a ruling on the motions before this Court.

**5.** In determining whether to abstain, courts have considered factors such as the identity of issues and parties, the likelihood of prompt

disposition in the alternative forum, the adequacy and extent of relief available in the alternative forum, the possibility of prejudice as a result of abstention, the order in which the actions were commenced, the relative convenience of the respective forums, and whether federal law provides the rule of decision. *See Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 937, 939–43; *Colorado River Water Conservation District, supra,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F.Supp. 824, 827 (S.D.N.Y.1975).

the court is under no compulsion to exercise its jurisdiction. *Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); whether a declaratory judgment action will be entertained is a matter left to the court's sound discretion. *Id.; accord, Will, supra,* 437 U.S. at 670–72, 98 S.Ct. at 2561–62 (Brennan, J., dissenting). Consequently, as the "exceptional circumstances" doctrine is premised on the "virtually unflagging obligation" of the federal courts to exercise their jurisdiction, *see Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 936–37; *Colorado River Water Conservation District, supra,* 424 U.S. at 817–18, 96 S.Ct. at 1246, the lack of such an obligation when the action is one for a declaratory judgment results in greater discretion to defer to a similar state action. *See Calvert Fire Insurance Co. v. American Mutual Reinsurance Co.,* 600 F.2d 1228, 1230 n. 2, 1233 (7th Cir.1979); 17 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4247, at 503–04 (1978). In other words,

when the federal action is one for a declaratory judgment, the balance is not heavily weighted in favor of the exercise of jurisdiction, and the factors counseling against that exercise need not amount to exceptional circumstances for a federal court to defer to a similar state action.[6]

█ Turning to the present case, the Court finds that the balance tips decidedly in favor of deferring to the New Jersey action. The first, and perhaps most important, reason for deferring is the manner in which this action was commenced. The filing of the proof of loss by Hop-On essentially told Hartford that, if it did not pay Hop-On's claim within sixty days, Hop-On would sue to recover under the policy. In anticipation of that suit and before Hop-On could sue under the contract, Hartford brought this declaratory judgment action.

Ordinarily, the order in which the actions have been commenced is a factor in determining whether to defer—all other things being equal, the first filed would be given priority. *See Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 937, 939; *Colorado*

**6.** In his dissenting opinion in *Will v. Calvert Fire Insurance Co., supra,* Justice Brennan, the author of the "exceptional circumstances" doctrine, clearly delineated the unique nature of declaratory judgment actions as he responded to what he perceived to be Justice Rehnquist's overbroad statement, in the plurality opinion, that courts are under no compulsion to exercise their jurisdiction and that ultimately, "the decision whether to defer to the concurrent jurisdiction of a state court is . . . a matter committed to the district court's discretion." 437 U.S. at 664, 98 S.Ct. at 2558 (Rehnquist, J.). (Justice Brennan wrote the Court's opinions in *Colorado River* and *Moses H. Cone Memorial Hospital.*) Justice Brennan chided Justice Rehnquist for essentially ignoring the analysis set forth in *Colorado River* and for supporting his conclusions with *Brillhart v. Excess Insurance Co. of America, supra,* which was a declaratory judgment action. Justice Brennan noted that

In *Brillhart,* the District Court dismissed a diversity suit for a declaratory judgment because of the pendency in state court of a suit between the same parties and involving the same subject matter. . . . [C]rucial to this Court's approval of the District Court's dismissal of the suit in *Brillhart* [was the fact that] the federal suit was for a declaratory judgment. Under the terms of the provision empowering federal courts to entertain declaratory judgment suits, 28 U.S.C. § 2201,

the assumption of jurisdiction over such suits is discretionary. . . . It was primarily because federal jurisdiction over declaratory judgment suits is discretionary that *Brillhart* found the District Court's deference to state-court proceedings permissible. This is clear from the lower court cases approvingly cited by *Brillhart*—all of which emphasized that a district court's discretion to dismiss a federal declaratory judgment suit in favor of a pending state suit is a product of the permissive nature of declaratory judgment jurisdiction. Obviously neither the logic nor the holding of *Brillhart* is pertinent where, as here, federal jurisdiction is . . . nondiscretionary.

437 U.S. at 670–72, 98 S.Ct. at 2561–62 (Brennan, J., dissenting) (footnote and citations omitted). The import of Justice Brennan's reasoning is that a federal court's discretion to defer is not so narrowly circumscribed when the federal action is one for a declaratory judgment. If, because of the discretionary nature of federal jurisdiction over declaratory judgment actions, neither the logic nor the holding of *Brillhart* could support a decision to stay a federal action in which jurisdiction is not discretionary, *a fortiori,* the guidelines for determining whether to abstain from exercising jurisdiction over a declaratory judgment action are not as stringent as in cases in which the exercise of jurisdiction is not discretionary.

*River Water Conservation District, supra,* 424 U.S. at 818, 96 S.Ct. at 1246. *But see Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 940 ("[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."). This general rule does not apply, however, when a federal declaratory judgment action has been filed in apparent anticipation of the other pending proceeding. Rather, such a course of action is an equitable consideration militating toward "allow[ing] the later filed action to proceed to judgment in the plaintiff's chosen forum." *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979); *accord, Ven-Fuel, Inc. v. Department of the Treasury,* 673 F.2d 1194, 1195 (11th Cir.1982); *Centronics Data Computer Corp. v. Merkle-Korff Industries,* 503 F.Supp. 168, 171 (D.N.H.1980); *see Companion Life Insurance Co. v. Matthews,* 547 F.Supp. 836, 840–41 (S.D.N.Y.1982). *See also Hanes Corp. v. Millard,* 531 F.2d 585, 592–93 (D.C.Cir.1976).[7] In *Ven-Fuel, Inc. v. Department of the Treasury, supra,* for example, the plaintiff, after having been informed that the defendant would institute judicial proceedings if the plaintiff did not make a certain payment "forthwith," commenced an action seeking a declaratory judgment that the defendant was collaterally estopped from relitigating certain issues concerning the plaintiff's liability. One week later, as promised, the defendant filed an action seeking payment from the plaintiff. After reviewing this series of events, the Eleventh Circuit upheld the district court's decision not to entertain the declaratory judgment action, primarily because that action was filed in apparent anticipation of the other proceeding.[8] *Id.* at 1195.[9]

This action is similar to *Ven-Fuel,* and like the Eleventh Circuit, this Court considers Hartford's filing of this action in anticipation of Hop-On's suit to be an equitable consideration militating toward deferring to the New Jersey action. If this action were given priority, the Court would be sanctioning procedural gamesmanship and, as Hartford filed this action during a period when the terms of the insurance contract precluded Hop-On from bringing suit, would be rewarding Hartford "for winning a race to the courthouse which it had completed before its adversary heard the starting gun." *Companion Life Insurance Co., supra,* 547 F.Supp. at 841; *see Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 939–40. This the Court will not do. As Justice Brennan noted in another context, "[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Perez v. Ledesma,* 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 12, 27 L.Ed.2d 701 (1971) (Brennan J., concurring in part and dissenting in part).

A second reason for deferring is that there is no federal interest in resolving this dispute in federal court rather than state court. Although it is not entirely clear which state's law will apply,[10] it is clear

---

**7.** In *Hanes Corp.,* the court noted that

Hanes is ... in the position of one who desires an anticipatory adjudication, at the time and place of *its* choice, of the validity of the defenses it expects to raise against patent-related claims it expects to be pressed against it. The anticipation of defenses is not ordinarily a proper use of the declaratory judgment procedure. It deprives the plaintiff of his traditional choice of forum and timing, and it provokes a disorderly race to the courthouse.

531 F.2d at 592–93 (footnote omitted).

**8.** The Eleventh Circuit also found that the plaintiff could make its arguments concerning collateral estoppel in the second action.

**9.** Although both actions under consideration in *Ven-Fuel* were brought in federal courts, the Eleventh Circuit's rationale is equally applicable to a case in which the declaratory judgment action is brought in federal court and the other action is brought in state court. *See Centronics Data Computer Corp. v. Merkle-Korff Industries, supra,* 503 F.Supp. at 171.

**10.** Section 193 of the Restatement (Second) of Conflicts provides that

[t]he validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with

that state, not federal, law will provide the rule of decision in this action. *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 531, 537 (7th Cir.1982); *see Moses H. Cone Memorial Hospital, supra,* 103 S.Ct. at 941.

Finally, the controversy arising from the insurance contract between Hartford and Hop-On can be resolved as completely, fairly, and quickly in the New Jersey action as it can in this action. *See Universal Gypsum of Georgia, Inc. v. American Cyanamid Co.,* 390 F.Supp. 824, 827 (S.D.N.Y.1975); *supra* note 5. As to completeness, if Hartford and Hop-On were to answer the complaints in the respective actions, it is almost certain that this action and the New Jersey action would become carbon copies of each other. Hartford would defend the New Jersey action by alleging that the insurance contract is void because Hop-On misrepresented its past history of property losses or, alternatively, by alleging that, if the contract is valid, Hartford's liability for the loss resulting from the fire is limited to $3 million. Hop-On would respond to this action by asserting its claims for payment under the policy and, more than likely, by impleading Lewis as a third party defendant. Thus, the parties and the issues would be the same in both actions, and the prosecution of either action to completion would result in a determination of who is to bear the loss resulting from the fire at Hop-On's warehouse. As to fairness, neither party will be prejudiced if the dispute is resolved in the New Jersey court.[11] Additionally, neither party will be inconvenienced significantly. This Court is hard-pressed to see any great advantage to trying this case in New York rather than New Brunswick, New Jersey, which is less than fifty miles away.[12] Finally, as to swiftness, neither action has progressed beyond the pleading stage, and the Court is unaware of anything that would lead it to believe that the dispute can be resolved more quickly in this forum than in the New Jersey forum.

The declaratory judgment remedy provides a means to adjudicate rights and obligations "in cases involving an actual controversy that has not reached the stage at which either party may seek a coercive remedy and in cases in which a party who could sue for coercive relief has not yet done so." 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2751, at 569 (2d ed. 1983) (footnote omitted); however, such an action serves no useful purpose, and thus should not be entertained, when a pending state action will resolve the underlying controversy between the parties completely, fairly, and quickly and when that controversy involves matters of state law. Indeed, the Supreme Court has stated that *"[o]rdinarily* it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit

---

respect to the particular issue, some other state has a more significant relationship . . . to the transaction and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 193 (1971). Focusing on the location of the warehouse in New Jersey, Hop-On argues that this section mandates the application of New Jersey law. Hartford, however, argues that this section requires the application of New York law because New York has a more significant relationship to the parties and the transaction.

**11.** At the oral argument on these motions, Hartford's counsel stated that he feared that Hartford would be prejudiced if it had to litigate in New Jersey because the Chief Justice of the New Jersey Supreme Court is related to a partner in one of the law firms representing Hop-On. This Court has no reason to doubt the integrity of the New Jersey judiciary, however, and concludes that Hartford's fears are groundless.

**12.** Hartford argues that the New Jersey forum is inconvenient because "the proof with respect to the principal matter at issue—misrepresentation of Hop-On's prior insurance losses—will come from five individuals all of whom work in New York." Plaintiff's Memorandum of Law in Opposition to Hop-On's Motion to Dismiss at 6. This is insufficient to tip the balance toward exercising jurisdiction. First, three of the potential witnesses mentioned by Hartford are employees of Hartford and two are employees of Lewis. Thus, the Court does not foresee that there will be any difficulty in obtaining the testimony of these witnesses. Second, as noted above, the Court does not see how litigating this dispute in New Brunswick, New Jersey, which is virtually a suburb of New York, will cause any great inconvenience.

where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart, supra,* 316 U.S. at 495, 62 S.Ct. at 1175 (emphasis added); *accord, Provident Tradesmens Bank and Trust Co. v. Patterson,* 390 U.S. 102, 126, 88 S.Ct. 733, 746, 19 L.Ed.2d 936 (1968); *see Fay v. Fitzgerald,* 478 F.2d 181, 182 (2d Cir.1973).

As there is no reason to depart from this general rule in the present case, this Court will defer to the New Jersey action and abstain from exercising its jurisdiction. Rather than enter an order of dismissal, however, the Court believes it preferable to stay this action because a stay will effectuate the purposes of a dismissal but allow the Court to activate the case if such a step is warranted.

Accordingly, this action is stayed. The Clerk of the Court will place it on the suspense calendar pending further directions from the Court.[13]

SO ORDERED.

**13.** In light of this ruling, the Court denies Hartford's motion to enjoin Hop-On from prosecuting the New Jersey action.